JS 44   (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| LISA ALLEN | BAMIA 2 LLC D/B/A REEF KITCHENS |

**(b)** County of Residence of First Listed Plaintiff   PHILADELPHIA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   PHILADELPHIA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Sidney L. Gold, Esquire - Sidney L. Gold & Assoc., P.C.
1835 Market St., Ste. 515, Phila, PA 19103 215-569-1999

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | **PERSONAL INJURY** | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 365 Personal Injury - Product Liability | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | **PERSONAL PROPERTY** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 370 Other Fraud | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 371 Truth in Lending | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 380 Other Personal Property Damage | **LABOR** | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 720 Labor/Management Relations | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 751 Family and Medical Leave Act | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | [ ] 790 Other Labor Litigation | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [x] 442 Employment | [ ] 510 Motions to Vacate Sentence | [ ] 791 Employee Retirement Income Security Act | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **SOCIAL SECURITY** | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 861 HIA (1395ff) | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 862 Black Lung (923) | |
| | | [ ] 550 Civil Rights | [ ] 863 DIWC/DIWW (405(g)) | |
| | | [ ] 555 Prison Condition | [ ] 864 SSID Title XVI | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | [ ] 865 RSI (405(g)) | |
| | | | **FEDERAL TAX SUITS** | |
| | | **IMMIGRATION** | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| | | [ ] 462 Naturalization Application | [ ] 871 IRS—Third Party 26 USC 7609 | |
| | | [ ] 465 Other Immigration Actions | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

- [x] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
TITLE VII, PHRA, PFPO

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
150,000 IN EXCESS

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 05/23/2023 | /S/ SIDNEY L. GOLD, ESQUIRE |

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.** **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____253 Adrian Way, Philadelphia, PA 19139_____

Address of Defendant: _____1441 N. Front Street Philadelphia, PA 19134_____

Place of Accident, Incident or Transaction: _____1441 N. Front Street Philadelphia, PA 19134_____

---

***RELATED CASE, IF ANY:***

Case Number: _____     Judge: _____     Date Terminated: _____

Civil cases are deemed related when ***Yes*** is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes ☐   No ☑

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes ☐   No ☑

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?     Yes ☐   No ☑

4.  Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?     Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____05/23/2023_____     _____/s/ Sidney L. Gold, Esquire_____     _____21374_____
_Attorney-at-Law / Pro Se Plaintiff_     _Attorney I.D. # (if applicable)_

---

**CIVIL: (Place a √ in one category only)**

***A.***     ***Federal Question Cases:***

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
   *(Please specify):* _____

***B.***     ***Diversity Jurisdiction Cases:***

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____SIDNEY L. GOLD, ESQUIRE_____, counsel of record *or* pro se plaintiff, do hereby certify:

☑  Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑  Relief other than monetary damages is sought.

DATE: _____05/23/2023_____     _____/s/ Sidney L. Gold, Esquire_____     _____21374_____
_Attorney-at-Law / Pro Se Plaintiff_     _Attorney I.D. # (if applicable)_

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| LISA ALLEN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| BAMIA 2 LLC | : | NO. |
| D/B/A REEF KITCHENS | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (☑)

| | | |
|---|---|---|
| 05/23/2023 | /s/ Sidney L. Gold, Esquire | PLAINTIFF |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 569-1999 | (215) 569-3870 | sgold@discrimlaw.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation"  as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LISA ALLEN, | : | |
| *Plaintiff,* | : | CIVIL ACTION NO._____ |
| | : | |
| v. | : | |
| | : | |
| BAMIA 2 LLC d/b/a REEF KITCHENS, | : | |
| *Defendant.* | : | |
| | : | **JURY TRIAL DEMANDED** |

## COMPLAINT

### I.      PRELIMINARY STATEMENT

1.      This is an action for an award of damages, attorneys' fees and other relief granted on behalf of Plaintiff Lisa Allen ("Plaintiff Allen"), a former employee of Defendant, Bamia 2 LLC d/b/a Reef Kitchens ("Defendant"), who has been harmed by the Defendant's unlawful, discriminatory, and retaliatory employment practices.

2.      This action arises under Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), the Pennsylvania Human Relations Act, 43 P.S. § 951 et seq. ("PHRA"), and the Philadelphia Fair Practices Ordinance, Phila. Code §9-1100 et seq., ("PFPO").

### II.     JURISDICTION AND VENUE

3.      The original jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and the claims are substantively based on Title VII. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367, to consider Plaintiff Allen's claims arising under the PHRA and the PFPO.

1

4.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

5.    All conditions precedent to the institution of this suit have been fulfilled. On April 20, 2023, a Notice of Right to Sue was issued by the United States Equal Employment Commission ("EEOC"), and this action has been filed within ninety (90) days of receipt of said notice.

6.    Plaintiff Allen has satisfied all other jurisdictional prerequisites to the maintenance of this action.

## III.    PARTIES

7.    Plaintiff Lisa Allen is a fifty-two (52) year old female citizen of the Commonwealth of Pennsylvania, residing therein at 253 Adrian Way, Philadelphia, PA 19139.

8.    Defendant Bamia 2 LLC d/b/a Reef Kitchens ("Defendant") is a corporation duly organized under the laws of the State of Florida and existing under the laws of the Commonwealth of Pennsylvania, maintaining a place of business located at 1441 N. Front Street Philadelphia, PA 19134.

9.    At all times relevant hereto, Defendant acted through its agents, servants, and employees who were acting within the scope of their authority, course of employment, and under the direct control of the Defendant.

2

10.   At all times material herein, the Defendant has been a "person" and "employer" as defined under Title VII, the PHRA, and PFPO and has been, and is, subject to the provisions of each said Act.

IV.   **STATEMENT OF FACTS**

11.   Plaintiff Allen, a fifty-two (52) year old female, was employed by the Defendant from on or about June 28, 2021 until on or about August 16, 2021, the date of her unlawful termination.

12.   During her employment with the Defendant, Plaintiff Allen held the position of Line Cook. At all times relevant hereto, Plaintiff Allen maintained an excellent job performance rating in said capacity.

13.   Shortly after Plaintiff Allen commenced her employment with the Defendant, Jeff LNU ("Jeff"), Line Cook, began subjecting her to a hostile work environment through various instances of uninvited, unwanted sexually-offensive remarks and physical contact.

14.   By way of example, in or about the week of July 12, 2021, Jeff described his sexually explicit encounters with his girlfriend stating how he "bangs her pussy out" and she "complains her pussy hurts." He further intimated that he "enjoys eating [his girlfriend's] pussy." In response thereto, Plaintiff Allen requested Jeff cease and desist communicating sexually explicit manner with her.

15.   Shortly thereafter, in or about July of 2021, Jeff approached Plaintiff Allen and whispered in her ear, "since I'm like your work husband, then you should give me

3

some wife work pussy." Plaintiff Allen, horrified by Jeff's remark, pushed him away and fled his presence immediately.

16.    Throughout the remainder of Plaintiff Allen's tenure with the Defendant, Jeff routinely commented how "beautiful" Plaintiff Allen's body was "for her age" and that she "looked good." Jeff further requested that Plaintiff Allen "give him a chance," thereby propositioning Plaintiff Allen to perform sexual acts with him.

17.    Upon information and belief, Jeff similarly subjected Ania LNU ("Ania"), Line Cook, and TaShay Johnson ("Johnson"), Line Cook, to ongoing sexual harassment.

18.    In or about early July of 2021, Plaintiff Allen registered a complaint of sexual harassment with Anthony Pepe ("Pepe"), Manager, on behalf of herself, Johnson, and Ania. Upon information and belief, Pepe failed and refused to investigate Plaintiff Allen's allegations or undertake corrective action pursuant thereto.

19.    Throughout July of 2021, Plaintiff Allen registered additional complaints of sexual harassment with Pepe. On one occasion, Plaintiff Allen expressed concerns about Pepe's failure to cause Jeff's sexual harassment of Plaintiff Allen to cease. Pepe discouraged Plaintiff Allen from reporting Jeff to Allison D'Angelo ("D'Angelo"), Human Resources Representative. Pepe assured Plaintiff Allen that he would address her complaints.

20.    Despite Jeff's assurance, Jeff continued to subject Plaintiff Allen to severe and pervasive sexual harassment. As a result thereof, on or about August 4, 2021, Plaintiff Allen registered a complaint of sexual harassment with Michelle McCoffin

("McCoffin"), Hiring Manager. McCoffin escalated Plaintiff Allen's report to D'Angelo, who interviewed Plaintiff Allen on the same date.

21.    Thereafter, the Defendant, through its agents, servants, and employees, including Pepe, began to retaliate against Plaintiff Allen for opposing sexual harassment in the workplace.

22.    By way of example, immediately following her complaints to McCoffin and D'Angelo, Pepe slashed Plaintiff Allen's hours, unilaterally adjusted her shifts to commence at a less favorable time, and forbade her from working additional shifts. As further retaliation, Pepe inundated Plaintiff Allen's unit with brand new hires, rather than distributing them evenly among units, as a way to frustrate Plaintiff Allen's productivity. As evidence of Pepe's retaliatory animus toward Plaintiff Allen, on or about August 10, 2021, Karla Indres ("Indres"), Line Cook, during an outburst directed at Plaintiff Allen, stated, "Anthony said you don't run shit over here, Anthony said your fucking ass gonna get fired any fucking way bitch." Indres' remark demonstrates Pepe's intent to further retaliate against Plaintiff Allen by terminating her employment.

23.    On or about August 11, 2021, Plaintiff Allen registered a complaint with D'Angelo in connection with Pepe's retaliatory treatment. On said date, Johnson reached out to Plaintiff Allen and sought guidance on reporting Jeff's sexual harassment. Plaintiff Allen provided Johnson with D'Angelo's contact information at her request.

24.    Upon information and belief, Johnson registered a complaint of sexual harassment against Jeff with D'Angelo on or about August 14, 2021.

5

25.     On or about August 16, 2021, within the same week of Plaintiff Allen'w complaint of retaliation, Amalia Kararbas ("Karabas"), Manager, terminated Plaintiff Allen's employment, allegedly because she was "not a good fit."

26.     Plaintiff Allen believes and avers that no legitimate business reason existed the termination of Plaintiff Allen's employment and that the Defendant actually terminated her employment in retaliation for her opposition to unlawful sexual harassment in the workplace.

## COUNT I
**(Title VII – Sex Discrimination, Hostile Work Environment,
Sexual Harassment, Retaliation)
Plaintiff Allen v. Defendant**

27.     Plaintiff Allen incorporates by reference paragraphs 1 through 26 of this Complaint as though fully set forth at length herein.

28.     The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Allen to a hostile work environment, sexual harassment, and discrimination based on her sex, and in retaliating against her for opposing discrimination and harassment in the workplace, ultimately resulting in the termination of her employment, constituted violations of Title VII.

29.     As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of Title VII, Plaintiff Allen sustained permanent and irreparable harm, resulting in the loss of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus of future earning power, plus back pay, and front pay and interest due thereon.

30.     As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of Title VII, Plaintiff Allen suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

**COUNT II**
**(PHRA – Sex Discrimination, Hostile Work Environment,**
**Sexual Harassment, Retaliation)**
**Plaintiff Allen v. Defendant**

31.     Plaintiff Allen incorporates by reference paragraphs 1 through 30 of this Complaint as though fully set forth at length herein.

32.     The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Allen to a hostile work environment, sexual harassment, and discrimination based on her sex, and in retaliating against her for opposing discrimination and harassment in the workplace, ultimately resulting in the termination of her employment, constituted violations of the PHRA.

33.     As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Allen sustained permanent and irreparable harm, resulting in the loss of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus of future earning power, plus back pay, and front pay and interest due thereon.

34.     As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the PHRA,

7

Plaintiff Allen suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT III
**(PFPO – Sex Discrimination, Hostile Work Environment,
Sexual Harassment, Retaliation)
Plaintiff Allen v. Defendant**

35.    Plaintiff Allen incorporates by reference paragraphs 1 through 34 of this Complaint as though fully set forth at length herein.

36.    The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Allen to a hostile work environment, sexual harassment, and discrimination based on her sex, and in retaliating against her for opposing discrimination and harassment in the workplace, ultimately resulting in the termination of her employment, constituted violations of the PFPO.

37.    As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the PFPO, Plaintiff Allen sustained permanent and irreparable harm, resulting in the loss of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus of future earning power, plus back pay, and front pay and interest due thereon.

38.    As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the PFPO, Plaintiff Allen suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

**WHEREFORE,** Plaintiff Allen requests that this Court enter judgment in his favor against the Defendant and Order that:

a. Defendant compensate Plaintiff Allen for the wages and other benefits and emoluments of employment lost, because of its unlawful conduct;

b. Defendant compensate Plaintiff Allen with an award of front pay, if appropriate;

c. Defendant pay to Plaintiff Allen punitive damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses as allowable;

d. Defendant pay to Plaintiff Allen pre and post judgment interest, costs of suit, and attorney and expert witness fees as allowed by law;

e. The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff Allen demands a trial by jury.

SIDNEY L. GOLD & ASSOC., P.C.

By:   /s/ Sidney L. Gold, Esquire
      SIDNEY L. GOLD, ESQUIRE
      I.D. NO.: 21374
      1835 Market Street, Ste. 515
      Philadelphia, PA 19103
      Attorney for Plaintiff

DATED:  May 23, 2023

9

## VERIFICATION

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

DATE: May 10, 2023

LISA ALLEN, PLAINTIFF